The case this morning is 093046, Dominguez v. the Office of Personal Management. Mr. Dominguez. Good morning, Your Honor, to the support. The case before you, basically, I think, as you say in law, is a case of first impression because I was not able to find a case on point. But I think this is the opportunity that the court is finally having the opportunity to address the issue of what is meant by the statute when it says separated within one year thereof. That is, the time within which an employee was filed with OPM for disability retirement benefits says it must be within the employee or within one year from which you're separated. And then the second part, which is not applicable here, unless you can show there was some kind of incomplency. So the question, the threshold issue is, okay, what is separated within one year thereof? When is the time period here? And the reason it's important is because even for the agency itself, they have conflicting dates because OPM in its decision is saying that the date that controls is February 14th of 2005 because that's the date of Form 50 where the post office issued against my client saying that he was effectively removed on February 14th, 2005. The MSP administrative judge, when he wrote the opinion, he comes back and says, no, no, no, it's not February 14th, 2005. It's November 21st of 2003 because that's the date. I understand that. Let me get to just a slightly different point that you raised in your briefs. It seems that some of your argument at least is predicated on your view that an employee should not have to be required to choose between these two different avenues. Am I right about that? Well, yes, Your Honor, that they should, if they want to go ahead and appeal the removal, that they should be able to go forward and exhaust that process to determine whether or not, if they go the full way, if they're successful in getting it reversed, or if it's affirmed, then they can come back and say, okay, now I want to go ahead and go with my other options, whatever's available. Your argument there seems to be predicated on the fact that your client was unable to pursue both of those avenues simultaneously, and I'm wondering why that is the case. The reason that that is is that the respondent cites some cases where his employee's retired, but this is a retirement. Here, what position is that on the initial appeal that went all the way to this court a few years back, we were basically contending that the removal was wrong and that he should be reinstated. He's basically saying I'm capable physically and mentally to do my job duties that are required by the post office. When he files an application for a disability retirement benefit, you've got to submit medical evidence and documentation to show that basically you meet the criteria that you are disabled and you cannot work anymore. And by doing that, then on the one hand, before the OPM, he's saying I'm disabled, I can't work. But before the court, he's saying I'm able and capable of working. Give me my job back to be reinstated. Inspection 7701J makes clear that any statements that are made can be taken into account. So any concern about conflicting statements is not really an issue, correct? Right. And that case is really the case that is cited on the Benjamin and the other case where the individual was removed. And because of financial situations, he didn't retire. So he can collect what he contributed, but he still wanted to go ahead and go forward. The agency said, well, wait a minute. He resigned. So therefore, this is smooth. And the MSPB says no. Under that statute, it says it doesn't matter if he's retired or resigned. It says if you're actually predicated before his retirement, we still have jurisdiction and we need to decide it. But he still wants to go forward because he's alleging that he basically resigned because he had no other option but financial. There, I can understand what they're saying is there may be situations where an employee who's removed needs to go in and get some money that he's contributed in through the program, retirement program, to get it out. You've got to retire. But that does not remove the fact that he can still go forward with appeal. And hopefully, if it gets reversed, he'll get reinstated. But they're not saying, I can't work. I can't work. Here's my question about that, which is really, truly unclear to me. Assuming we agree with you, or I agree with you, in that he couldn't have presented those two cases simultaneously because they were inherently inconsistent. You're right. One hand, you ought to put me back in my job. I'm ready, willing, and able. The other hand, I'm too sick to work. You should pay me just a little retirement. How is that different than, you're here because after this case finished and your client's removal was sustained, you wanted to go to OPM and represent to them that your client was not able to work. Wouldn't that be the same inconsistency presented? Well, no, because now- Are you basing it on something that happened subsequent to his removal being sustained? Are you saying, is your current disability retirement claim that you're trying to pursue here based on events that occurred after the appeal was exhausted? No. So you are still planning to go ahead and proceed and say, I have not been able to work for however many years, right? There's still, whatever inconsistency there was a couple years ago, my question is, still appears to me to remain at this time. Well, yes, there were, Your Honor. But then also we get to the issues of, as I understand it, in cases I've read in multiple, is you get into judicial duplicity. That is, you don't want to have two things going at the same time you can resolve, and then also judicial economy. If we go along with what the agency is saying, what you're doing then is you're overworking an agency because you apply, want to get reinstated. You're applying for retirement. You get your retirement benefits. You win. You go back then under the payback statute and you go, okay, I got my reinstatement. You got to give me all my payback. Okay, but wait a minute. You got to give us credit because you're going to get this payback money that you recovered so much money in the retirement program. So then you have an agency doing more work than necessary. What we're saying is for judicial economy, duplicity, and then also under the appeal process, under the right to appeal is, let's exhaust one. So that way if it hits a state and you go back and you're able to. So you won't have to rule B. I won't have to rule B. That basically, as I understood it in law school, in the rules of civil procedure. There's a deadline. We all agree there's a deadline. That's a deadline. It requires that you file your disability retirement request within one year of separation. Right. And the threshold issue is, like in all judgments, when is a judgment final? When is the separate then final? When you say you're separate, okay, when is it final? Because OPM seems to agree as long as you're appealing within the MSTD, it's not final. They said until you exhausted it, then it became final. Then you have one year from there. And then when you go into the judicial process, we all know that you may have a judgment today, but back around from Texas under our rules of procedure, it's not final until 30 days later because you can appeal that judgment to either the Court of Appeals or the Texas Supreme Court, and they can then reverse it. Once that is exhausted, then the time period starts running from that time period, and I think it will be uniform with the federal rules of procedure, the federal rules of federal procedure. What is the statute used? Does it say one year from separation? From separation. Separated. Just a separated from service or 12 months. So you're asking us to construe separated from service as not being the day that someone stops working and stops getting paid, but the day after the date when he's exhausted all of his appeals with regard to that separation? Is that the nub of what you're saying? That's what I'm saying because there are cases, and we're not here because they cite the O'Neill case. The O'Neill case just asked for the proposition where Mr. O'Neill was trying to get the extended time period for his annuity retirement benefits to get more months. There I can understand for purposes of making that decision, and in that case, Mr. O'Neill dropped his grievance and even dropped his appeal, but the court says they became final on this date. All I'm saying is to be consistent that if it gets into now where you're appealing it, what does the case law deem with judgments when you interpret that? If you're going to interpret that section that says separated, what does separated mean? When was it final? Not so much when you were physically then getting the removal, but if you're appealing it. As I understand it under case law and rules of procedure is that rate is not final because then it can be reversed because the other option is that let's assume that he was – we won on the first appeal. Okay? Then that would wash out what the – Would it really? I mean if he were sustained, it wouldn't be that the separation is washed out. It's that he's reinstated. Exactly. He's reinstated suggests that he was separated at one point, and now we're giving him back pay. We're reinstating him. So it doesn't ignore the fact that at one point in time he was, in fact, separated, right? Well, no. What I'm saying is that it then wasn't final because the appeal was still pending and until the court made a decision whether or not they would affirm it or not. But when they then reversed it and said, no, we're going to agree, we're going to reinstate him, then basically as I see it, then the dates of his separation as they use in the statute, they, to me, go aside because now it all goes back solely for the purpose of putting him back in the position he was in or similar to this, and then giving him any back pay, and he goes forward from there. So then a new time period starts working at that point. If, for example, if he wants to go ahead and be hired, then it would be one year from there when he's working or when he's separated the second time. What we're taking, what we're saying basically is that there's no case that really says when does a time period really apply when it talks about separated from work, here, separated from service. It just says separated. There's cases that talk about when you're dealing with, if he did it timely, did you did it for the purpose of the annuity, extending the time period for the annuity, but none of them say how does this apply in a case where he goes through the whole process and makes the project, okay, I'm hoping that I'm going to win and be successful because anyway, if you go back the other way, then you go back to where, again, you're now burdening the OPM process where they've got to go back and recalculate all the benefits. If he got medical insurance benefits, retirement benefits, and then if he's successful, he goes back and they, okay, what do we have to give credit for back? What are we going to do with these things? So then now, to me, you're burdening that agency when you just let and honor the appeal process, and if he wins, then it's just back in the statement. If he loses, then he comes back, and if he qualifies, again, it's not like he gets automatically. If he qualifies, then he feels he's entitled to the benefits. He can apply then at that point because the time period has got to be 20 for one year for him to get a new retirement benefit. Anyway, that's it. Yes, Your Honor. Thank you. Good morning. May it please the Court. The Court should affirm the Board's decision that Mr. Venegas did not time to file his evidence. What is the Board's decision? When is the date of separation? What the Board said is that the date of separation is the date from the agency's decision letter, which is November 26, 2003. But the Board also said that even if we use the date from the Form 50, February 14, 2005, that date is not held for Mr. Venegas because he still filed his disability application more than one year later. So nobody can make up their mind on their side which date is the actual date of separation? Our position is that the date is November 21, 2003. The date in the agency's decision letter. That is the date of separation. OPM, again, used the date on that Form 50, just filled out by the Postal Service. But again, as the Administrative Judge held, it doesn't matter which date you use. Neither date is held for Mr. Venegas because he filed his disability application more than one year after either date. But what is the Form 50 supposed to be? I thought that was the official document. That's the official document. That's right. It is the official document. I'm asking about what it stands for. That's right. The answer to the debate is what were your names in there, not the board names. That's right. The Form 50 is the official document filled out by the agency, and that's the document that OPM relied on. What the Administrative Judge here said, and we agree with him, is that the actual date is the date set forth in the agency's letter to Mr. Venegas, November 21, 2003. But again, regardless of which date you use, he's still on time, even if you use the date in the Form 50. With respect to Mr. Venegas' due process argument, he appears to- I guess I'm really troubled by it. So even though for two years he's on the rolls as in a non-pay status, am I wrong about that? No, that's correct. And the SF-50 says we are terminating you from your service as of this date, which is not the 05 date, right? That's right. So you're still asking us to agree with you that he was actually separated in 03? Well, again, this court doesn't have to actually reach that issue because neither date helps Mr. Venegas. But yes, we are saying that it is the 2003 date based on- So you're asking us to affirm the board's decision, and the board's decision, at least in certain respects, is that he was separated as of 03. How can we do that if we disagree with you on that date? Well, the board, in the decision, the board also said that it doesn't matter whichever date you use, even if you use the date on the Form 50. So to that extent, the board reached a decision based on either date. What does it mean when an employee is separated and there is an SF-50 form that so states and the employee is, nonetheless, carried on the roles, or remains on the roles? As the collective bargaining agreement provides. What does that mean? Is the person employed or not? They are employed to a limited extent. They can obtain health care benefits. That's the primary purpose of that provision. So on the role, it means that they're- And again, the public service is some unique agency that has this collective bargaining agreement. What that means is that an employee can obtain health care benefits for a period of time while they're being tested. Does it mean that the employee's position is held open? I mean, the agency would not be free to hire somebody to replace them? Or are they free to replace that person because the person's been separated? Yes, the agency could replace the person. Again, it just simply means that they can obtain certain benefits and obtain health care benefits during the period of time that they can test the removal action. Are you sure about that? It's like you can't be a little bit pregnant. It seems to me that if somebody is still on the roles, even in a non-pay status, they're occupying a position. I mean, why else would you need an SF50? I thought the SF50 is sort of the be-all, end-all of whether somebody is on the roles, occupying a position or not. That's correct. But as this court held in O'Neill, regardless of what the collective bargaining agreement says, it's the date of separation in the letter that's sent to the employee that is the date, the date of separation here, November 21st of 2003. This court rejected, and O'Neill rejected the argument that the collective bargaining agreement can actually extend that date. Well, I'm not suggesting the collective – I'm not going to mention the collective bargaining agreement. I'm not talking about the collective bargaining agreement. I'm talking about the fact that the agency keeps them on the roles in a non-pay status and doesn't cut the SF50 until 2005. Well, and again – It's the agency's action I'm talking about, not whether it's dictated by the collective bargaining agreement or not. That's right. But again, regardless of which date you use, it's not helpful to Mr. Dominguez here, even if we use the date on the form 50 because it's still – this application is still not timely. To the extent Your Honor is suggesting that there's essentially a stop-hold argument, in other words, by sending the SF50 form, the agency or the government is stopped from arguing that the date is the date of the letter, the Supreme Court's decision, OPM v. Richmond, suggests that that argument doesn't apply here. And Mr. Dominguez doesn't appear to be making a stop-hold argument either. Well, there were regulations somewhere here. What if the agency had a regulation that says separated from service means the date upon which all appeals, including the Federal Circuit, are concluded? That would make a difference, right? Yes, it would make a difference. Obviously, that isn't the case here. The agency's regulations mirror the statute in that respect. What's troubling me here is that, you know, this case strikes me as – we're asked to consider the statute, right? We want to say what one year of separation is. We have to define what separation is. So it's a little troubling to me that nobody seems to be able to read out what there was. It's a little troubling that we – what we can pick sort of any date that's beyond the one-year time limit so we don't have to consider it. It seems a little odd. And again, our position is that it's the date in the agency's decision library. But again, regardless of which date you use, Mr. Dominguez was still on time limit. What about his argument just more as a policy argument, that in effect it would influence him from maybe pursuing a disability retirement issue? I mean, I think your position in the briefs was that he wasn't prejudiced. He couldn't pursue both at the same time. Exactly. But you appreciate his position, right, that he's got to certify certain things in his application, and the two positions he was going to be taking in both each forum would be inconsistent. Well, they're not inconsistent, and we would cite to the statute. Congress has specifically addressed this issue in the statute in 7701J, which states that the MSPB and this court can't consider Mr. Dominguez's retirement status when considering his removal action. So there is no inconsistency. I mean, they can't consider his retirement status. That's right. In other words, had he applied for disability retirement within one year and was contesting his removal action at the same time, what the statute says is that the board and this court can't consider his retirement status. The fact that he may have applied for disability retirement when considering his removal action. Well, what about the disability side of this? Could OPM consider that if he was taking the position of the MSPB, he would be able to resume his removal action? Not if he's able to, in fact, show in his disability application that he actually is disabled. I mean, obviously one has to still meet that threshold. But if he's able to show that, then no, the answer is no. The court has no further questions. We respectfully request the court confirm the board's decision. I think one thing that is very important for the court to understand is that this court, although the panel made a decision on the first case, the disability removal case, I mean, the removal case on March 7th of 2006. That's when the decision finally came down, March 7th, 2006. Mr. DeNate has filed his application for disability retirement benefits within one year from that date, which is what we're saying. That's when the court here finally made a decision, affirming it. It was okay. Now it was final, because this court exhausted RPM. So then our position was, okay, we have one year from there to go ahead and go the other route, which is what we did. Now, opposing counsel is saying what the statute covers, you say, is retirement. As I interpret that, it says, like the cases that are cited, when somebody retires, you're retiring, you could be physically capable of doing the work which you can do. But when you're doing a disability retirement, which is what this statute says, that for disability retirement benefits would be within 12 months, 12, one year from the date of separation, now you're adding as to why you're retiring. You're going to retire because you're disabled. And if at the same time you have before this court a case where you're telling this court, I've been removed wrongfully, I want you to reinstate me because I'm capable and physically able to do that work, but get over here before the OPM, you're taking a different position. I think it would be very hard-pressed for him to be able to reconcile for those disabled. The reason I did that, Your Honor, is because I have one year to do it, and this is going to take too long. He said, but Mr. DeNate is a fellow petitioner, you're taking two contradictory positions. If we grant you reinstatement, basically we're saying you can't do the job, so we're basically giving you a job where you're going to be fired anyway. I think it's better to just go ahead and go through the retirement. And that's what I'm saying where you may create a conflict for purposes of a petitioner who is being removed, and then he has to file within 12 months as the agency is saying as to which one of the dates. And like I said, they've got two different dates that they're saying should apply. They keep saying, well, either one, he's still past the one year. Well, that's true, but we're saying is that from the date that this court made the decision, and we could have appealed it to the Supreme Court, but we decided not to. He didn't have any more funds. That from that date, he went ahead and filed with OPM within one year. When do you want us to start the date running? Will the date start running with our decision? Will it start running when the time period of filing the petition is certain? I would say that it would be from the date. If there's no appeal after that, then it's from the date that this decision is run, which would be then March 7, 2006. And he filed it within one year from that time period. Although you have, under the Supreme Court rules, you have 90 days to do an appeal under written certiorari, which we didn't. But if you didn't, like the court said, well, then you go back to the decision of the court, which was it was then March 7, 2006. And that's what we're saying is that here is an individual who is exercising his constitutional rights of appeal. And even when you get all these decisions, it tells you, write an appeal. It tells you, you can appeal now to the MSPB in Washington, D.C. That decision comes out. It says now you can appeal to the Federal Circuit Court in Washington, D.C. This is who you send your appeals to. You've got basically 60 days to do that. So you're filing your appeals to exercise your right of appeal. With respect to the dispute over the dates here, the date of removal, the SF50 date or the date of the letter, November 21, 2003, when did your client stop receiving a paycheck? 30 days after the 415. 30 days after that he stopped receiving a paycheck. So even though the government is now taking a position that the date of removal, the effective date was November 21, 2003, your client was paid through February 14, 2005. Well, March. We got one more month. Yes, sir. Up to 2009, he received a paycheck. But this is exactly what I'm getting at, Your Honors, is that we're here. An employer now can manipulate an employee. The court says, no, it's from the date of separation. And then the employer says, okay, I'm going to go ahead and give him this form 50 because the court is saying that is what governs the one year. And let's say the employee says, well, look, I have a good appeal to go up and get reversed. But now I say, okay, what do I do? Either go off on disability or do I file for their disability retirement benefits? Now we're getting to the issue of the substantive due process. It's conceded that a paycheck is certainly consistent with the normal view that the SF50 conforms to. Right. Exactly. And that's where Daniel Morrow, in my brief, I mentioned about that. If the court says that that's what's going to control the time period, then an employer can manipulate and say, okay, I can give a form 150. What if I didn't give it a year earlier? Because he couldn't. That's going to be basically, Your Honors, and I appreciate the action to reverse the decision by the entity. Thank you. Case is submitted.